IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PIERRE ROLLIN, | No. C 09-3579 SI |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF DECEMBER 15, 2009 ORDER GRANTING IN PART AND DENYING PART DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| CHRISTINE COOK, *et al.*, | |
| Defendants. | |

By order filed December 15, 2009, the Court dismissed the complaint with limited leave to amend. The Court dismissed the second, third and fifth causes of action as untimely, and did not grant leave to amend these claims. Plaintiff seeks reconsideration of that portion of the Court's order, and he asserts that he can amend these claims to show that they are timely. Plaintiff's second claim is for false arrest against defendant Cook, the third claim alleges a Fourth Amendment violation against defendant Cook based on her alleged preparation of a false search warrant affidavit, and the fifth claim alleges that all defendants conspired to deprive plaintiff of his personal possessions when they permitted and aided Betty Henderson and Kenneth Henderson to remove property from plaintiff's storage unit.

Plaintiff argues that the three claims at issue "implicate injury to personal property," and that the limitations period on such claims "does not begin to run until the property is located and/or the discovery of the whereabouts of the property by the aggrieved party." Motion for reconsideration at 4:1-3. Plaintiff asserts that the statute of limitations on these claims has not begin to run because plaintiff has never been told the whereabouts of his property. Plaintiff advanced, and the Court rejected, a similar argument in connection with the motions to dismiss. *See* Order at 13:24-15:13. The Court finds no reason to depart from its previous conclusion.

Plaintiff also argues that the Court used the wrong date to determine tolling under California Government Code § 945.3. In analyzing tolling under this section, the Court used the date of October 4, 2004, the date plaintiff's first trial ended. Plaintiff asserts that the correct date for § 945.3 tolling is February 1, 2005, the date that a restitution order was filed by the Court. Based upon the authority cited by plaintiff, it is far from clear that February 1, 2005 is in fact the correct date. More importantly, however, in analyzing the timeliness of the second and third causes of action, the Court held that the statute of limitations was tolled under various tolling provisions from May 1, 2003 until May 1, 2005, which is later than the date asserted by plaintiff.[1] Thus, plaintiff's claims would not be saved under plaintiff's asserted tolling date. The analysis for plaintiff's fifth claim is similar.

Accordingly, plaintiff has not identified any basis for reconsideration, and the motion is DENIED. (Docket No. 47).

**IT IS SO ORDERED.**

Dated: February 22, 2010

SUSAN ILLSTON
United States District Judge

---

[1] The Court held that the statute of limitations began to run on May 20, 2005, and continued to run until December 13, 2006, when the California Court of Appeal reversed plaintiff's conviction. Beginning on December 13, 2006, the limitations period was tolled under Section 945.3 because the criminal charges were "pending" from the date of the reversal through plaintiff's retrial and acquittal on January 15, 2008. The limitations period began to run again on January 16, 2008, and expired before the filing of this lawsuit on August 5, 2009.