IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PIERRE ROLLIN,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRISTINE COOK, *et al.*,<br><br>    Defendants | No. C 09-3579 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

Now before the Court is plaintiff's motion for attorney's fees and costs. For the reasons set forth below, the Court finds that there was good cause for the Henderson defendants' failure to waive service of process, and accordingly DENIES plaintiff's motion for fees and costs.

**BACKGROUND**

On August 5, 2009, plaintiff Joseph Pierre Rollin filed a complaint for damages for violation of his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiff's claims arose out of his arrest and prosecution for abuse of a dependent adult, Joi Henderson Wright (now deceased). The complaint alleged five civil rights claims against six defendants, including defendants Betty and Kenneth Henderson. The Hendersons are Ms. Wright's parents.[1]

On August 11, 2009, plaintiff's attorney, Robert Hamlish, mailed a copy of the Notice of Lawsuit and Request for Waiver of Service, along with other documents required by Federal Rule of

---

[1] The factual background of this case is set forth in several prior orders. *See* Docket Nos. 41, 54, and 77. The complaint alleged, *inter alia*, that the Hendersons conspired with the Sheriff's Department to violate plaintiff's constitutional rights by seizing property belonging to the plaintiff in a storage locker that plaintiff shared with Ms. Wright. Compl. ¶¶ 37-39.

Civil Procedure 4(d)(1), to the Hendersons. Amended Hamlish Decl. ¶ 6, Docket No. 15. Having received no response from the Hendersons regarding the waiver, Hamlish telephoned the couple at their home in Amarillo, Texas on September 1, 2009. *Id*. ¶ 7. In his declaration, Hamlish states that he spoke with Betty Henderson, and that "Mrs. Henderson reported that she had received the abovementioned forms, was not going to sign the waiver form and had reported Attorney Hamlish to the postal authorities for mail fraud." *Id*.

According to the declaration of defendants' attorney, Allison Jackson, the Hendersons are in their mid-80's and in frail health. Jackson Decl. ¶ 3., Docket No. 33. In her declaration, Jackson states that during the first week of September 2009, "I received a call from Betty Henderson. She said she had been contacted by a man who identified himself as Richard Hamlish and who stated that she needed to sign papers and returned them to him immediately, or she would have to pay money. She was very upset." *Id*. ¶ 4. Jackson states that the Hendersons were confused about what Hamlish had said to them on the phone as well as confused about the paperwork they had received regarding the lawsuit. *Id*. ¶¶ 4-5, 9. On September 3, 2009, Jackson contacted Hamlish, informing him that she had just accepted representation of the Hendersons and that he should refrain from calling them, but rather contact her directly. *Id.* ¶ 5. Jackson requested that Hamlish send her the documents, explaining that her clients were elderly, in ill-health, on a fixed income, and very confused about the paperwork and phone call they had received. *Id.*; *see also* Exhibit A thereto (correspondence between Jackson and Hamlish). According to Jackson, Hamlish refused to send her the paperwork, told her she should obtain it from her clients, and that he would only accept the waiver from the Hendersons. *Id.*[2]

Jackson states that on September 10, 2009, "I called Mr. Hamlish and I told him again that I would accept service, but he would need to fax me all of the paperwork in the matter including the acknowledgment and waiver as my clients were elderly and I did not have anything other than the initial complaint obtained on line. He informed me that it was too late for the Hendersons to waive service, that

---

[2] Hamlish's declaration does not address whether Jackson requested the paperwork or whether he refused to provide it to her. However, Hamlish's October 20, 2009 letter to Jackson states "[y]ou are absolutely correct that I refuse to send you a copy of the summons, complaint and other paperwork involved" because Jackson had not sent Hamlish a letter of representation. Docket No. 33, Ex. A. In her declaration, Jackson states that Hamlish never asked her for a letter of representation, and that he eventually faxed her the paperwork without such a letter. Jackson Decl. ¶ 7.

1  he had sent the paperwork to a process server to have the Hendersons personally served and still would
2  not accept counsel's waiver for her clients." Jackson Decl. ¶ 7. Jackson states that after this
3  conversation she received the documents and found that the "Notice of Lawsuit and Request for Waiver
4  of Service of Summons" and "Waiver of Service of Summons," forms were addressed to "Christine
5  Cook et al.," another defendant in this case, and that none of those documents contained the names of
6  the Hendersons. *Id.* ¶ 9 & Ex. B (forms).

7  On or about September 15, 2009, Hamlish retained a process server to personally serve the
8  Hendersons. Hamlish Decl. ¶ 10. The Hendersons were personally served with the complaint and
9  summons on September 21, 2009. *Id.* On October 6, 2009, plaintiff filed a motion for attorney's fees
10 and costs seeking the cost of the process server as well as attorney's fees for preparation of the fee
11 motion. On October 14, 2009, Jackson sent Hamlish a letter with an enclosed check for the amount of
12 the process server, $113.32. Jackson Decl., Ex. A.

13 In an order filed December 15, 2009, the Court granted the Henderson defendants' motion to
14 dismiss the claim against them on statute of limitations grounds and denied plaintiff's motion for
15 attorney's fees and costs. In a memorandum disposition filed January 23, 2012, the Ninth Circuit
16 affirmed this Court's judgment in favor of all defendants, but vacated and remanded the Court's order
17 denying attorney's fees, holding that the Court applied the wrong standard in evaluating plaintiff's
18 motion. On remand, plaintiff is seeking a total of $5,250.00 in attorney's fees for preparation of the
19 initial motion as well as time spent briefing this issue on appeal. Docket No. 85 at 2.

**DISCUSSION**

22 Federal Rule of Civil Procedure 4(d)(2) provides, "If a defendant located within the United
23 States fails to comply with a request for waiver made by a plaintiff located within the United States, the
24 court shall impose the costs subsequently incurred in effecting service on the defendant unless good
25 cause for the failure be shown." Fed. R. Civ. Proc. 4(d)(2). "A defendant failing to comply with a
26 request for a waiver shall be given an opportunity to show good cause for the failure, but sufficient
27 cause should be rare. It is not good cause for failure to waive service that the claim is unjust." *Estate*
28 *of Darulis v. Garate*, 401 F.3d 1060, 1064 (9th Cir. 2005).

Based upon the record before the Court, the Court finds that this is the rare case in which defendants have established good cause for their failure to waive service. According to the Jackson declaration, the Hendersons are quite elderly, in poor health, and they were confused and upset by Hamlish's phone call and confused about the service forms they received which contained the name of a different defendant. *See Spivey v. Bd. of Church Extension and Home Mission of Church of God*, 160 F.R.D. 660, 663 (M.D. Fla. 1995) (finding good cause for defendant's failure to return waiver when plaintiff did not address notice to defendant directly, as per Rule 4(d)(1)(A), even though defendant probably knew that it was intended for him). The record shows that Hamlish refused to send Jackson the service forms despite her repeated requests that he do so, and that Jackson informed Hamlish that she would accept service on September 10, 2009. On that date Hamlish informed Jackson that it was too late to waive service of process, and yet according to Hamlish's declaration the process server was not retained until September 15, 2009. Under these circumstances, it was unreasonable for plaintiff to have the Hendersons personally served. *Cf. Dymits v. American Brands, Inc.*, No. C 96–1897 CW, 1996 WL 751111, *14 (N.D. Cal. Dec. 31, 1996) (finding a good cause when plaintiffs gave defendants only six days after receipt of waiver before serving him personally, rather than the thirty days required by Rule 4(d)(2)(F)).

For the foregoing reasons, the Court finds good cause to DENY plaintiff's motion for attorney's fees.

**IT IS SO ORDERED**.

Dated: July 2, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4